## PLEADING—APPEAL.

[Hamilton Circuit Court. ]

CAROLINE Z. WEITZEL V. DELHI (VIL.) ET AL.

**1.** EFFECT OF ASKING DAMAGES IN ACTION FOR INJUNCTION.

In an action for injunction which was denied, a supplemental petition asking for another injunction and for damages, does not alter the nature of the cause.

**2.** SAME—NON APPEALABLE DECREE.

In an action for an injunction and also demanding a money judgment, a decree dismissing the action is not appealable.

MOTION to dismiss appeal.

SMITH, J.

The original petition of the plaintiff in this case filed September 14, 1891, avers that she is the owner of a certain lot in the village of Delhi, abutting upon the extension of the Lower River road, and that she and her grantors had for many years a stone wall six feet high, two and one-half feet thick and three hundred and fifty feet long, entirely on her own ground along said road; and that it was necessary to the protection of her lot and buildings, which stood twenty-five feet higher than the wall; that the defendants, under pretense that the wall was on the street, had torn down a small part thereof, and were threatening to tear down more of it, which would result in irreparable injury to her said premises, and an injunction was prayed for. A temporary injunction was allowed, but was afterwards dissolved, and on February 1, 1892, a supplemental petition was filed, alleging that on December 1 and 3, the defendant had unlawfully taken possession of a part of her ground for a street, and that by reason of the destruction of the wall and the other acts of the defendants complained of, she was damaged to the amount of $2,000. She therefore prayed for an injunction against the defendants to prevent further encroachment by them upon her said lands, and from the continued occupancy of her land, and asks that her damages be assessed and that she might have judgment against them for the amount.

The defendants denied the allegations of the petitions, and on the trial a decree was rendered in their favor, dismissing the action, from which the plaintiff appealed, and a motion is made to dismiss the appeal on the ground that an appeal will not lie in such case.

There can be no question but that the case made in the original petition was an equitable one. Does the allegation made in the supplementary petition as to the claim for damages alter the case? We think not. It is substantially like Rowland v. Entrekin, 27 Ohio St., 47, which substantially holds that where the facts stated in the petition, and the nature of the relief primarily demanded, are within the sole jurisdiction of a court of equity, the fact that the plaintiff also demands a money judgment by way of damages, to which he may be incidentally entitled, as a result of his obtaining the equitable relief sought, will not affect his right to appeal. Such, we understand, to be the settled law, and the motion will be overruled.